Good morning, Your Honors. May it please the Court. My name is Joseph Hoff, here for Plaintiff Appellant Kaylee Flores. I'd like to reserve two minutes for rebuttal. Your Honors, this appeal is about Ms. Flores' nearly five-year effort to receive long-term disability benefits from Defendant Appellee Life Insurance Company of North America. Ms. Flores worked as a registered nurse in the mother-baby unit at St. Joseph's Hospital prior to her disability. She was diagnosed with Cushing's disease and had significant symptoms including weakness and fatigue, muscle wasting, mood and behavioral disorders, muscle and joint pain, depression, anxiety, brain fog and memory loss. Counsel, I just want to get a clarification on one point. Could you clarify for me what happened February 2018? Did she in fact file for long-term disability benefits at that time or was this a discussion she had with the insurance provider such that they did give her a claim number or I don't remember if it was a claim number or a number identifying her request? In February of 2018, she was contacted by Lena and asked if she wanted to open a long-term disability claim. At the time, Ms. Flores intended to return to work so she declined at that time. I would also note during that conversation, she was not informed that she could have opened a short-term disability claim. And as I understand it, at some point later after she has brain surgery, then she's told that she doesn't correct? After she stopped working permanently, she contacted Lena again to follow up on that long-term disability claim. And after several weeks, Lena informed her her claim would not qualify as a successive disability claim under the LTD policy but that she should then file an STD claim, which she did. So they directed her to do that? The STD claim, yes. Okay. All right. Go ahead. So I want to focus the court's attention first on the fundamental unfairness argument that we make and I think that many of the points under that argument summarize some of the factual background, which is in detail, of course, in the briefing and the excerpts of record. We truly feel that we don't admit that it does apply, but if it does apply, we argue it would be fundamentally unfair in this case. And that's specifically because Ms. Flores would be denied the opportunity to receive significant disability benefits even though she cannot perform her own job or any job. The facts of this case, I think, really scream out for an equity determination res judicata should not apply in this specific case. Those facts are that Ms. Flores tried repeatedly to open a long-term disability claim, but those efforts were thwarted both by St. Joseph and by Leon. These arguments seem to be arguments that the judgment in Flores 1 is wrong. And honestly, when I read it, I thought it probably was wrong. But it wasn't appealed and it's final. And the whole point of preclusion is that an incorrect judgment is as binding as a correct one. And so that's the problem that I have here. Well, Your Honor, I think Flores was not appealed for several reasons. And I think those facts go to why it would be fundamentally unfair. Ms. Flores pursued her long-term disability claims in her first case under the futility doctrine. And during the course of that litigation, the district court judge expressly endorsed that doctrine. It was not until the district court's findings of fact and conclusions of law that the judge reversed himself. That would have been fodder for an appeal. He said, what was he doing? Why did he not apply futility? It was obviously futile. And once she was eligible for short-term disability, the grounds that would have rendered long-term disability futile were gone. And then you would proceed to the remaining issues. He didn't do that. He instead said, she's not entitled to any benefits under the policy at all. And then you went for clarification. He said, I really mean it. She's entitled to nothing. It's all wrong, but it's final. Well, Your Honor, regarding the clarification, I would disagree that the judge was explicit in that Ms. Flores would never be able to... He said the court confirms a plaintiff is not entitled to benefits under the LTD policy. I mean, you raised this whole issue about, was he saying she was just barred or was it just that she didn't jump through the right procedural hoops? And he clarified it the wrong way and said, no, she's barred. I respectfully disagree, Your Honor. I think the judge was not clear in saying that she was forever precluded. I think had the court even said, we will not opine on whether she can in the future file a claim and receive benefits, I think even that would have... But do you see Flores' rationale as resting on the ground that it's just procedurally defective and sort of without prejudice to reapplying? I think it should be. I think it should be. That's not how it's written. I think one of the fundamental issues regarding the unfairness is that she really did not have a full and fair opportunity to be heard on whether or not her conditions qualify her for being disabled under the definition in the LTD policy. Counsel, I want to go to this point, but maybe from a different angle, and that is this. When does a claim for long-term disability accrue? When does it accrue? Is it when Lena denies her claim, or was it at an earlier point? That's a very good point. And in our reply papers, we say that, yes, her LTD claim officially accrued once Lena sent its unconditional denial. So then under California law, then how can that be claim preclusion if it never accrued clearly after Flores 1 was decided? Exactly. We don't think that claim preclusion should apply. You lose this case. Can you then submit a third? Now that accrues all anew. Now it's got a new denial. We'll do it all over. And we go on forever? I mean, that can't be right. No, Your Honor. There has to be some stopping point. We don't advocate that. There should be a constant litigation. As a matter of fact, if you submitted a piece of paper and they stamped denied on it, it does not establish that a new cause of action accrued. There has to be something more. I think the fact that in Flores 1, the LTD claim was pursued under futility. So there was no decision made on whether or not she met the definition of disability under the LTD policy. Whereas when she made an actual claim in October 2021, and that gave Lena an opportunity to review the medical records as they existed, or to request additional medical records. Then Lena made its determination. But counsel, do you have a right to, but do you have a right, does Ms. Flores have a right to sue under this claim if Lena has unequivocally denied her claim? Until that happens, you have no right, no claim, correct? Absent the futility doctrine, yes. All right. But Your Honors, I would again like to point out, Judge Collins, as you said, our position is that the district court was not clear whether or not Ms. Flores could ever file a claim in the future. And that is a significant reason why an appeal was not taken. Ms. Flores tried to do exactly what the district court found she failed to do. She tried to file a claim. She did so. Lena took six months to make its decision, and it denied that claim, not on an analysis of the medical records, but rather that she did not comply with the policy's proof of loss provision by filing a claim earlier, and that Lena was prejudiced, and because of the findings in Flores 1. So I think under these unique circumstances that she reasonably believed that she could still file a claim because the district court, even if the district court had said, I'm not going to give an opinion on whether or not my decision is preclusive or not, I think that would have tipped Ms. Flores off on, we need to appeal this immediately. All the court said, it reiterated she's not entitled to LTD benefits, full stop. That's it. No further clarification, even though Ms. Flores specifically requested it, in both her moving and reply papers, and the request for clarification. I'd like to point just to some of the equity arguments about the application of res judicata. I know in our briefing we have several cases, but I'd just like to highlight Justice Blackmun's concurring opinion in federated department stores that there are cases in which the doctrine of res judicata must give way to what the Court of Appeals in that case referred to as overriding concerns of public policy and simple justice. He went on to quote Professor Moore that just as res judicata is occasionally qualified by an overriding competing principle of public policy, so occasionally it needs an equitable temporary. And he also quoted Justice Cardozo's dissent in Reed v. Allen that a system of procedure is perverted from its proper function when it multiplies impediments to justice without the warrant of clear necessity. Again, I would submit that Ms. Flores has not had a full and fair opportunity to litigate the question of whether or not she meets the definition of disability under the LTD policy. Turning to the actual elements of res judicata, the element of the same transactional, excuse me, the cases do not involve the same transactional nucleus of facts. I think what's very important here is the fact that the allegations in Flores 2 state law claims regarding bad faith and breach of the implied covenant of good faith and fair dealing involve facts that occurred after the complaint in Flores 1 was filed. Now the complaint in Flores 2 does reiterate some of the facts from 1. We believe that was necessary to establish that Ms. Flores was in fact disabled to meet the definition of disability under the LTD policy. But also, including facts in there regarding her prior attempts to file an LTD claim go towards the continuing course of bad faith conduct by Lena. Does it allege that her underlying medical condition changed in such a way that it's a different claim from Flores 1 in that sense? No, Your Honor. It's still the same medical conditions. We did add just information in there about her third brain surgery. So again, I think it's very important that many of the facts that are at issue in Flores 2 arose after the complaint was filed in Flores 1. And also to reiterate the fact that under California law, Ms. Flores's claim against Lena for the denial of LTD benefits did not actually accrue until Ms. Flores received that April 2022 denial letter from Lena. Prior to that, and even in Flores 1 again, LTD was pursued under a futility doctrine argument under which Lena did not evaluate her if she met the definition of disability under the LTD policy. And again, regarding whether rights in Flores 1 would be destroyed or impaired, I would say they would not. I believe that the only thing the District Court found was that Ms. Flores was not entitled to LTD benefits because she did not file a claim, and Lena was prejudiced, and the futility doctrine did not apply. That's all Flores 1 established. So in Flores 2, Ms. Flores filed a claim. And under that claim, Lena could have again reviewed the medical records. It chose not to do so. So I believe that there are different rights at issue in Flores 1 versus Flores 2. Do you want to save some time for rebuttal? I do, Your Honor. Okay. Thank you. All right. And we'll hear from Mr. Little. Good morning, Your Honors. May it please the Court? My name is John Little. I'm here on behalf of Life Insurance Company of North America. I wanted to begin by first addressing two questions that were raised during the questioning before. The first is with respect to the fundamental fairness issue. I believe there's multiple cases here that this Court has found that that is a very narrow exception. I would refer the Court to the Owens v. Kaiser Foundation case, which is at 244 F-3708. And there, the Court explained that the doctrine of res judicata serves a vital public interest beyond any individual judge's ad hoc determinations of the equities in any we've cited. And given that Ms. Flores received a full and fair opportunity to have her request for long-term disability benefits decided in Flores 1, there's no reason for the application of what should be an extremely narrow exception based on fundamental fairness. The second question that was raised was with regard to accrual. The accrual for purposes of claim preclusion and accrual for purposes of statute of limitations purposes are not the same thing. So, under a statute of limitations accrual, that might ordinarily accrue at the moment of denial. But for claim preclusion purposes, the question is whether the cause of action is legally cognizable. And that's under the media rights case. Here, there's no question that her claim for LTD benefits was legally cognizable. That is why it was tried all the way through trial. That's why Ms. Flores presented her futility argument. She was able to bring the claim regardless of whether her time for bringing the claim had accrued yet. So, because she listened to your company, she didn't file the long-term claim, correct? No, Your Honor. I don't believe that's correct. In this instance... Well, did she not receive information from Lena that she should not file incorrectly? I, in fact, point out that she should not file a long-term disability claim, but file a short-term disability claim. Your Honor, I'm not familiar exactly with the record sites you're referring to. But I would respond, even if there was an issue about her opportunity to file a long-term claim, she was provided that opportunity at the beginning of Flores 1. She was asked whether she wanted to pursue an LTD claim, and she declined to do so, and said that she decided in Flores 1. When did she do that? In what capacity? Yes, Your Honor. At the beginning of Flores 1, a letter in the district court cited this as well in its findings of fact and conclusions of law. But at the beginning of Flores 1, in July 2020, Ms. Flores' counsel provided a letter that stated she would pursue long-term disability benefits through the pending litigation, which is why throughout the course of that litigation in Flores 1, Ms. Flores was consistently arguing for long-term disability benefits. She argued for long-term disability benefits in her trial briefing. She explained how the medical records supported that she was unable to perform her own occupation or any occupation, and she cited the definition of long-term disability benefits from the long-term disability policy. The court then heard and had a trial and decided that Ms. Flores was not entitled to long-term disability benefits. So there's not only no question that she was provided an opportunity to submit the claim, it was decided in the exact form that she asked for it to be decided in. And again, as Mr. Hoff has raised, the elements of claim preclusion here are easily satisfied. You have a case where you have a case with the same long-term disability policy, the same long-term disability benefits, the same alleged disability for the exact same time period as in the first action. And in this action, she's bringing the same causes of action against the same defendant, and she seeks the very same relief. Claim preclusion squarely bars... I guess I want to go back to your earlier point because I think that's an interesting point, and that is, you say that there's a difference between when it accrues versus when it's cognizable. Am I summarizing that correctly? Yes, Your Honor. And so she would not have the ability to get any relief, though, if she can't sue. That's exactly our point. If she had won and Flores won, the district court could have awarded long-term disability benefits. Under California law, what authority would she have to sue? Can you tell me? Yes, she was correct that she had an opportunity to present a futility argument. That's correct. And the district court rejected that argument. That futility argument operated as a way for her to fill one of her elements of proof. So in lieu of her meeting her ordinary obligation to comply with proof of loss, she could argue, or to exhaust administrative remedies, she could argue, well, well, that would have been futile, and that would fill that box for her. The district court decided that box wasn't filled, and so she didn't meet her elements of her burden of proof to prevail on her claim. If she had, the lower court could have awarded long-term disability benefits, and we wouldn't be here today. The fact that we wouldn't be here today if the district court had ruled in her favor proves that this case involves the exact same harm as the one that was issued at issue in Flores I. Well, but his reading, the opponent's reading of the Flores I is that it really was just sort of a procedural snafu, that, you know, you needed to jump through the right hoops, and because you didn't jump through the right hoops, you're not eligible for long-term disability benefits. But that kind of a ruling would suggest that if you just do it again and jump through the right hoops, then you can get it. So explain why you think that that isn't what this ruling does. Yes, Your Honor, I would just refer back to basic principles of a breach of contract action, where a party who's suing for breach always has the burden of proving their own performance. It's an element of their burden of proof. It's not a mere procedural requirement. If a defendant raises that the plaintiff hasn't complied with their obligation of performance, the defendant prevails on the merits. The plaintiff doesn't get to go back and say, oh wait, now I can perform again and fill that gap that the defendant raised in the first action, and then say, now I get to sue again. No, but if a contract has a provision that says you can invoke an option if you, you know, fulfill some condition precedent, and, you know, there's a lawsuit over that, and the court says, well, the condition precedent wasn't fulfilled, so this wasn't a valid exercise of the option. And then you exercise the option again, and you fulfill the condition precedent. Is the first one res judicata? The second one, that doesn't seem to make sense. Yes, Your Honor, I think that it would be first res judicata, because the question under res judicata is whether the claim could have been presented in the first action. Here it absolutely could have been presented, and it was. Ms. Flores was given the opportunity to present a claim, and she chose not to. Ruling that res judicata doesn't apply in cases like this would encourage plaintiffs to hold back in the first action. Now, let's hold on right there. If you are disabled, you want everything. They're not going to hold back on anything. They're going to apply for as much as they can get. So, really, is that an argument you want to make here? Yes, Your Honor. I think that under the facts of this case, I agree with you, it is unusual that the plaintiff did not take Lina up on its option to have her claim heard. There was no, and this is important to think about, there was no downside for her saying yes when Lina said, would you like to have your LTD claim considered? The only downside was that she lost the opportunity to create this opportunity that we're having right here. She was able to take her case all the way through trial. Had she won, she could have been awarded long-term disability benefits. In essence, she reserved by turning that opportunity down. Let me make sure I understand your position. So you're saying that even if the ruling in Flores 1 was just a procedural thing and not a substantive determination, such that maybe, for example, there wouldn't be issue preclusion, there would still be claim preclusion because the claim could have been asserted and was not. So even if the merits of it weren't adjudicated, it's still gone. Is that, do I have that right? Yes, Your Honor. I agree that claim preclusion is broader than issue preclusion and so we have pursued this claim under claim preclusion. I would also cite the court to your question about sort of missing out on some small procedural issue and claim preclusion still applying the Owens case where I believe claim preclusion barred a Title VII action even though the plaintiffs hadn't received the right to see letters that they needed to bring that action. So it's not uncommon for claim preclusion to apply even if there's some problem that results in the dismissal of the first action. For example, I believe it was the Stewart case. The court ruled in the first action that a claim was barred because it was ERISA preempted and then in the claim under ERISA, the court still found claim preclusion applied because that claim for an ERISA claim could have been brought the first time around. So you're exactly right that claim preclusion is broader than issue preclusion. Is there anything in the policies that require Ms. Flores to have filed both short-term and long-term that would require her? Yes, Your Honor. There are different policies. These are different rights that are at issue. There's a short-term disability policy and a long-term disability policy. The long-term disability policy has its own proof of loss requirement that was the ground for our defense in Flores 1, that she had not complied with the proof of loss provision. That proof of loss provision, I think it's worth remembering, serves a very important purpose. No, but is there a requirement that she filed both? Yes. She has to provide, submit her claim under both policies. Oh, at the same time though. There's nothing saying that she has to apply for both. Right, and that's right. She wouldn't have to because she may have a disability that would only give rise to a short-term claim, which is kind of what you said in this case, right? I think I'm going to be able to go back to work. I might only need benefits during the short-term period. Well, because she was told by you all that she has to do that, right? She was told that she couldn't apply for long-term disability benefits. Again, I don't know that she was, again, if she says I have a short-term claim, she's allowed to present it. Ordinarily, if that's going to be approved, then you would transition into a long-term claim. That's how it would ordinarily operate. So there is a sequencing that has to occur because of the nature of disability that might give rise to triggering a different policy. But I also think it's important to remember the purpose of a proof of loss requirement is to ensure that we're not considering a stale claim. Here, the disability claim that plaintiff has to prove in this case is back from 2018. Lina now has no opportunity to evaluate Ms. Flores' condition in 2018, for example, by an in-person exam. And so the proof of loss requirement is important in these policies so that the carrier has an opportunity to fully investigate someone's condition before the condition is stale. I think in closing, I would just say that this court should affirm the district court's dismissal of what is a successive lawsuit. Plaintiff had a full and fair chance to litigate her entitlement to LTD benefits. She stated explicitly that she wanted to do that through the case in Flores 1. She sought and argued for LTD benefits at trial. Had she prevailed, she would not have filed this case. But the district court determined that benefits were not owed, and plaintiff chose not to appeal that decision, as Your Honor raised, and instead decided to file this lawsuit. The district court wasn't required to warn plaintiff's attorneys that they might not be able to file another claim. His order still has a preclusive effect. As the district court held, claim preclusion prohibits re-litigation of the same claim a second time, because that decision is in accord with long-standing case governing the doctrine of claim preclusion. I want to respectfully request this court affirm. Thank you, Your Honors. Very briefly, I just wanted to raise a couple of points. The invitation by Lena to Ms. Flores to submit an LTD claim shortly after the first case was filed the reason she did not take Lena up on that offer, if you read the facts of the case, I think it's reasonable to conclude that she was quite frustrated with Lena after her many failed attempts to file an LTD claim. She had already filed a lawsuit, she retained attorneys, filed a lawsuit, and I think it would be reasonable to conclude Ms. Flores simply did not want to have to go through another claims process with Lena who had failed. Regarding the preclusive effect of the first case, the case law does say that the district court in the first instance cannot control whether or not its findings are preclusive. However, as we pointed out in our reply papers, the court in the second case can, and we find error in the district court in Flores 2, did not find that the holdings in Flores 1 were not... Your own motion for clarification in Flores 1 seems to speak to this very issue because you asked for a clarification precisely to address this problem, and you said that the clarification would allow Ms. Flores to apply for and potentially obtain her much-needed disability benefits under the policy, so you were worried that it would preclude a reapplication, and so you asked for the clarification to make clear that she could do that. Instead, he came back and said she's not entitled to benefits under the LTD policy. Maybe that was wrong for him to do that. It's probably reversible, but it's done, and it wasn't appealed, and he said it. Right, Your Honor, and again, our position is that the district court was asked to clarify, and it did not. The district court spoke as the oracle and gave a very... He did. He was a lot clearer. He put in a definitive sentence in a way that he hadn't in the first one that she's not entitled to benefits under the LTD policy. Well, I can say, Your Honors, Ms. Flores did not see it that way. She did not see that as a statement that she was forever precluded from getting benefits under the LTD policy, which is why she filed her claim in October 2021 and waited patiently for Lena to make its decision. Because again, in the introduction of your motion of clarification, if this court rules that Ms. Flores should have filed an LTD claim, then she requests clarification as to whether she is allowed to file a new LTD claim as soon as possible, so that she may claim the LTD benefits to which she is entitled, but was prevented from obtaining. Again, Your Honor, the district court did not reply in its order saying, no, she cannot file another claim. Had the district court said that, absolutely, would have been appealed immediately. Or again, even had the district court said, I will not opine on that question, that would have raised red flags immediately as well. Just very briefly, I just wanted to say, I think the better option in Flores 2 would have been for the district court, or the better option in Flores 1 would have been for the district court to dismiss the LTD claim without prejudice, such as happened in the Sanchez case, which we cited. And that way, Ms. Flores could have litigated, or filed the claim, had it been denied, litigated further. If there's no other questions, thank you, Your Honors. Thank you, counsel. The case just argued will be submitted, and the court is in recess for today. This court for this session stands adjourned.
judges: COLLINS, MENDOZA, DESAI